## OWENS v. UNITED STATES.

### No. 2040.

District Court, W. D. Louisiana, Monroe Division.

Aug. 11, 1933.

Geo. Wesley Smith, of Rayville, La., for plaintiff.

Philip H. Mecom, U. S. Atty., and Elmer A. Mottet, Asst. U. S. Atty., both of Shreveport, La.

DAWKINS, District Judge.

This is a suit upon a policy of war risk insurance. Defendant has filed a pleading which is styled on the reverse thereof "Motion to Dismiss or Plea of Prematurity," and in which it is said that it "pleads to the jurisdiction for the reason that there is no disagreement in that plaintiff has neither applied for the payment of insurance benefits, and of course, there has been no denial in accordance with section 19 of the World War Veterans' Act," as amended (38 USCA § 445).

It is beyond question that the law requires that a claim should have been filed for the payment of such insurance and that there should have been a disagreement between the Veterans' Bureau and the claimant as to the right to recover. On the trial of the exception or plea, the only proof offered to show that a claim was made prior to the "dead line" fixed by the last act of Congress upon the subject, to wit, July 3, 1931, is a letter from counsel for the plaintiff reading as follows:

"June 2nd, 1931.
"United States Veterans Bureau, Washington, D. C.

"Gentlemen: In Re: Fabi. Jacob, Charlie. XC-1252587. The mother of the above captioned veteran is of the opinion that the veteran, during his service, had his life insured with the United States Government in the sum of $10,000.00 made payable to her; that the veteran paid his premiums until his discharge and then ceased to make payments.

"She is also of the opinion that this Adjusted Bonus Certificate, if applied for, was made payable to her.

"His mother is Laura Owens, Box 335, Rayville, Louisiana.

"I would thank you to investigate the above and advise me as to his insurance and bonus certificate.

"Yours very truly,
"[Signed] Geo. Wesley Smith."

It will be noted that this letter merely states that the mother of the veteran "is of the opinion that the veteran, during his service, had his life insured" by a policy "to her," and "that the veteran paid premiums until his discharge and then ceased to make payment." It concludes with the request that the matter be investigated and the writer advised "as to his (the veteran's) insurance and bonus certificate."

All that can reasonably be gained from this is that there was possibly a desire to make claim for the insurance if the policy had been issued. Under date of June 13, 1931, the Bureau replied: "This veteran while in the Service applied for $10,000.00 War Risk Insurance. The last premium paid on this insurance was taken from his pay in the month of April, 1919. The insurance lapsed for lack of premium payment due May 1, 1919. The insurance was not reinstated or converted prior to the veteran's death. There are no amounts to be paid as insurance in this case."

It will be seen that thus far there was no demand for insurance, but only request for information as to whether it was taken by the soldier, and, in addition to supplying it, the Bureau stated: "There are no amounts due to be paid for insurance in this case." There was nothing in the letter of the attorney to apprise it that the beneficiary under the policy would contend that it had matured because of the total disability of the soldier while it was in force; hence it cannot be said, in stating there was nothing due, the Bureau was passing upon any such claim.

The next communication by counsel with the Bureau appears to have been made on August 30, 1932, long after July 3, 1931, the latest date upon which a claim could have been filed. In that letter counsel states: "Will you please send to me a blank application for a beneficiary in a war risk insurance policy to make application for payment?"

The name of the soldier is nowhere mentioned. This request was complied with on September 1, 1932. On the following day counsel wrote the Bureau as follows:

"Re: Charlie Jacob. War Risk Insurance Policy, Beneficiary—Laura Owens. Suit pending styled 'Laura Owens vs United States, No. 2040 At Law,' United States District Court for the Western District of Louisiana, Monroe Division.

"Enclosed herewith you will please find affidavit in support of claim of Laura Owens under a War Risk Insurance Policy held by the above named soldier. I do not have his 'C' number nor serial number nor any other reference further than is given above. Your record in this case is with the District Attorney, Mr. Mecom, at Shreveport, Louisiana.

"I am filing this application in order that the Department may act upon the same and.

give us a formal letter of disagreement. You all ready wrote me in June of this year that the policy was lapsed for non-payment of premium. That letter was filed in connection with the above styled and numbered case and that record is in Shreveport.

"The deceased soldier died in Fitzsimmons Hospital, Denver, Colorado, about August 4th, 1924."

This was acknowledged on September 26, 1932, and it was stated: "This matter is receiving the attention of the administration and you will be advised as soon as possible regarding same."

The suit in this case had been filed on July 1, 1931, and the solicitor for the Veterans' Bureau, under date of September 29, 1932, wrote plaintiff's counsel as follows:

"Receipt is acknowledged of your letter of September 2nd, 1932, enclosing a claim for insurance benefits executed by Laura Owens. You state that you are filing this application in order that the Veterans' Administration may act upon it and give a formal letter of disagreement.

"Suit on insurance having been filed in the District Court of the United States for the Western District of Louisiana, no consideration can be given to the insurance claim at this time and no letter of disagreement can be issued as requested. The files of this case are under the jurisdiction of the Veterans Administration, 333 St. Charles Street, New Orleans, Louisiana, and are not available for the purpose of determining whether a disagreement exists. Your letter is being referred to that office."

Thereafter correspondence ensued between the Veterans' Administration and the counsel for plaintiff, in which the latter attempted to have the claim taken up and passed upon, notwithstanding the pendency of the suit. This finally ended in an opinion from the solicitor to the effect that he did not consider the letter of June 13, 1931, as a denial of the insurance, and it would be insisted that there was no disagreement as required by the statute, and the court, therefore, was without jurisdiction.

After considering all of the evidence thus presented, I am convinced that there was no disagreement within the meaning of the statute at the time the suit was filed. As above stated, the Bureau had not been advised of the claim that the soldier was totally and permanently disabled before the policy lapsed, when the letter of the attorney of June 2d, and the one of the Bureau of June 13, 1931,

were written, and hence it could not have passed upon the contention that the policy had been kept in force for this reason.

The plea to the jurisdiction and of prematurity should therefore be sustained.

Proper decree should be presented.